UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOCQUELL DESSALINES IVORY,<br><br>    Plaintiff,<br><br>v.<br><br>TARRANT COUNTY JAIL,<br>LON EVANS CORRECTION CENTER,<br>COLD SPRINGS UNIT,<br><br>    Defendants. | Civil No. 14-897 (DWF/FLN)<br><br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An IFP application will be denied, and the action will be dismissed, if the applicant has filed a complaint that is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Federal courts cannot summarily dismiss an action commenced by an IFP applicant, if the allegations in the applicant's complaint merely seem "unlikely." Denton, 504 U.S. at 33. However, an IFP action can properly be dismissed, sua sponte, if the allegations in the complaint are found to be

"fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id., citing Neitzke, 490 U.S. at 325, 328.

In this case, the allegations presented in Plaintiff's complaint are not just "unlikely;" they are delusional. Plaintiff alleges, for example, that –

* he has admitted to local church authorities that he is Jesus Christ;

* he has been asked whether he is "Queen Sheeba," and has responded "yes;"

* he is George Washington, ("the one printed on the money");

* his blood is "organic," and with a test of his blood, "the cure to many disease [sic] can be found," including "every STD's and cancer;"

* his "testicle batch was poked and drained completely;" and

* he is "400% women, 100% Cocousian [sic], 500% Asian, 600% Arian [sic]."

It is readily apparent that Plaintiff's complaint in this case "rise[s] to the level of the irrational or the wholly incredible," and thus it is "frivolous," as that term has been defined by the Supreme Court. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(i).[1]

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

---

[1] As an aside, the Court notes that none of the named Defendants appears to be a cognizable legal entity that has the capacity to sued. Furthermore, even if Defendants do have the capacity to be sued, Plaintiff could not sue them in the District of Minnesota, because all Defendants are located in Texas, and Plaintiff has alleged no facts showing that a Minnesota court could exercise personal jurisdiction over any of them. See Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985) (when an IFP applicant's complaint does not include any allegations supporting personal jurisdiction, the court may properly conclude, sua sponte, that the action should be summarily dismissed).

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated: April 21, 2014

        s/Franklin L. Noel
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before May 6, 2014, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.